1   J. SCOTT GERIEN, State Bar No. 184728
    JOY L. DURAND, State Bar No. 245413
2   DICKENSON, PEATMAN & FOGARTY
    1455 First Street, Ste. 301
3   Napa, California 94559
    Telephone: (707) 252-7122
4   Facsimile: (707) 255-6876

5   Attorneys for Plaintiff
    Tres Agaves Nombre, LLC

6

7

8                   UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  Tres Agaves Nombre, LLC,                    CASE NO.

12              Plaintiff,                       **COMPLAINT**

13      vs.                                      1. **Federal Trademark Infringement**
                                                 2. **Federal Unfair Competition**
14  Mauricio Camarena Herrera, an individual,    3. **California Unfair Competition**
    Pacific Edge Marketing Group, Inc. dba       4. **California False or Misleading**
15  Pacific Edge Wine and Spirits, and DOES 1       **Statements**
    through 10.                                   5. **Common Law Trademark**
16                                                  **Infringement**
                Defendants.                      6. **Common Law Unfair Competition**
17

18                                               **DEMAND FOR JURY TRIAL**

19

20          Plaintiff, Tres Agaves Nombre, LLC ("Tres Agaves" or "Plaintiff"), for its complaint

21  against Defendants, Mauricio Camarena Herrera ("Herrera"), Pacific Edge Marketing Group,

22  Inc. dba Pacific Edge Wine and Spirits ("Pacific Edge") and DOES 1 through 10 (collectively,

23  "Defendants"), alleges as follows:

24                              **NATURE OF ACTION**

25  1.  This is an action to redress violations of the federal Lanham Act for infringement of a

26      federally registered trademark (15 U.S.C. §1114), federal unfair competition (15 U.S.C.

27      §1125(a)), California unfair competition (Cal. Bus. & Prof. Code §17200), the

28      dissemination of false and misleading statements (Cal. Bus. & Prof. Code §17500) and

COMPLAINT                                  1

common law trademark infringement and unfair competition, as the result of willful and unauthorized use by Defendants of colorable imitations of Plaintiff's trademark, as more fully set forth hereinafter.  Plaintiff seeks permanent injunctive relief restraining Defendants' infringement of Plaintiff's trademark, monetary damages, attorneys' fees and related relief.

## THE PARTIES

2.  Plaintiff, Tres Agaves Nombre, LLC, is a Delaware limited liability company with its principal place of business located at 2936 Domingo Avenue, Unit 5, Berkeley, California 94705.

3.  Upon information and belief, Defendant, Mauricio Camarena Herrera, is a Mexican citizen residing at Col. Unidad Militar, Carretera a la Base Aérea 3640-4, Zapopan, Jalisco MEXICO C.P.45200.

4.  Upon information and belief, Defendant, Pacific Edge Marketing Group, Inc. dba Pacific Edge Wine and Spirits, is a California corporation with its principal place of business located at 5155 Clareton Drive, #100, Agoura Hills, California 91301.

5.  Plaintiff is unaware of the true names or capacities, be they individual, member, investor, partner, joint-venturer, co-conspirator, or otherwise, of the Defendants named herein as DOES 1 through 10, and each of them, and therefore sues said Defendants by such fictitious names and will amend this Complaint to show their true names and capacities when the same have been ascertained.

6.  Upon information and belief, at all times herein mentioned, each of the Defendants was the agent of each of the other Defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency and with the permission and consent of his, her or its Co-Defendants.

## JURISDICTION AND VENUE

7.  This Court has subject matter jurisdiction over Plaintiff's claim under and pursuant to 15 U.S.C. §1121 and 28 U.S.C. §1338(a), as the claims arise under the federal Lanham

Act, 15 U.S.C. §§1116-1127.  This Court also has pendent jurisdiction over all related claims herein in accordance with 28 U.S.C. §1338(b).

8. Upon information and belief, Defendants, either directly or through their agents, transacted business in the State of California and within this judicial district, as more specifically set forth below, and expected or should reasonably have expected their acts to have consequence in the State of California and within this judicial district.

9. Venue is proper in this district pursuant to 28 U.S.C. §1391(b), as Defendants are doing business in this judicial district and therefore may be found in this district, and/or as a substantial part of the events giving rise to the claims alleged herein occurred in this judicial district, and/or the infringement occurred in this judicial district.

## INTRADISTRICT ASSIGNMENT

10. Pursuant to Civil Local Rule 3-2(c) this is an intellectual property matter which is to be assigned on a district-wide basis.

## ALLEGATIONS COMMON TO ALL CLAIMS

11. Plaintiff is the owner of the trademark TRES AGAVES for alcoholic beverages, as well as the owner of a federal trademark registration for TRES AGAVES for prepared alcoholic cocktail and Tequila in International Class 33 (U.S. Trademark Registration No. 3,776,334), issued on April 13, 2010, with constructive rights dating back to December 6, 2005.  Plaintiff, through its predecessor in interest and licensee, has also used the TRES AGAVES mark on and in association with alcoholic beverages since as early as January 22, 2010, long prior to the acts of Defendants complained of herein.

12. Plaintiff is also the owner of the trademark TRES AGAVES for non-alcoholic cocktail mixes, as well as the owner of federal trademark registrations for TRES AGAVES for non-alcoholic cocktail mixes in International Class 32, U.S. Trademark Registration No. 3,519,948, issued on October 21, 2008, with constructive rights dating back to August 5, 2008; and U.S. Trademark Registration No. 4,743,279, issued on May 26, 2015, with constructive rights dating back to March 10, 2015.  Plaintiff, through its predecessor in interest and licensee, has also used the TRES AGAVES mark on and in

association with non-alcoholic cocktail mixes since as early as January 28, 2008, long prior to the acts of Defendants complained of herein.

13. Plaintiff's TRES AGAVES mark is not descriptive when used in association with alcoholic beverages and therefore is inherently distinctive.

14. The TRES AGAVES products are sold in all fifty (50) states and sales have exceeded six hundred thousand (600,000) cases.

15. The TRES AGAVES products have been featured in numerous media outlets including *USA Today, San Francisco Chronicle, New York Times, Kansas City Star, 7x7, Robb Report, New York Daily News, Chicago Tribune, Denver Post, Forbes* and the *Minneapolis Star Tribune*, among others.

16. As a result of the wide, continuous advertising and promotion and sale of the products under the TRES AGAVES mark since 2010, the TRES AGAVES mark has also acquired distinctiveness among alcohol beverage consumers.

17. As evidenced by the sales and media attention for the TRES AGAVES products, Plaintiff owns extremely valuable goodwill in its TRES AGAVES mark and the mark has extraordinary financial value and is strong and entitled to a broad scope of protection.

18. Upon information and belief, Herrera is a well-known Tequila producer in Mexico.

19. Upon information and belief, Pacific Edge imports and distributes alcohol beverage products, including in this judicial district.

20. In April of 2016, Tres Agaves learned that Herrera had applied to register the mark 5 CINCO AGAVES (stylized) with the United States Patent and Trademark Office (Serial No. 86/888,996) for alcoholic beverages except beers (the "CINCO AGAVES Mark"). Tres Agaves sent trademark counsel for Herrera a demand letter requesting that he abandon the trademark application and not use the CINCO AGAVES Mark. Herrera never responded to such letter.

21. In April of 2016, Tres Agaves also learned that Pacific Edge had obtained Certificates of Label Approval ("COLAs") from the U.S. Alcohol and Tobacco Tax and Trade

Bureau (TTB ID Nos. 16041001000566 and 16041001000573) for labels for distilled spirits bearing Herrera's CINCO AGAVES Mark.  Tres Agaves also sent Pacific Edge a demand letter requesting that it not import, distribute or sell the CINCO AGAVES branded distilled spirits.

22. In May of 2016, Pacific Edge responded to Tres Agave's request indicating that Pacific Edge was not the owner of the CINCO AGAVES Mark and that any infringement claims should be directed to the mark's owner, Herrera.

23. Tres Agaves immediately responded and advised Pacific Edge that a dealer which does not make the goods bearing the infringing mark but merely sells them is nevertheless liable as an infringer, and reiterated its demand.

24. In response, Pacific Edge indicated that it would do what was in its best interest and that Tres Agaves should discuss infringement of the TRES AGAVES mark with Herrera.

25. To date, Herrera has not provided a substantive response to Tres Agave's April 2016 demand letter.

26. In September of 2016, Tres Agaves learned that Pacific Edge had started advertising Herrera's CINCO AGAVES Tequila for sale on Pacific Edge's website, http://www.pacificedgesales.com/, including to customers in this judicial district.

27. Defendants adopted and used the CINCO AGAVES Mark in commerce after Plaintiff's adoption, use and registration of its TRES AGAVES mark.

28. Herrera's CINCO AGAVES Mark is confusingly similar to Plaintiff's TRES AGAVES mark given that the marks are similar in sight and sound, and share the identical term "AGAVES" preceded by a Spanish numeral, and the goods offered by Defendants under the CINCO AGAVES Mark are identical to the goods which Plaintiff offers under the TRES AGAVES mark, namely Tequila.

29. Use of the CINCO AGAVES Mark by Defendants is likely to confuse consumers and make them believe that Herrera's CINCO AGAVES mark and Tequila is affiliated

COMPLAINT                                                    5

with, associated with, connected to, or sponsored by Plaintiff, and Defendants will unjustly benefit from such association.

30. Upon information and belief, the Tequila labeled with the CINCO AGAVES Mark continues to be advertised in the market.

31. Defendants' infringing use of the CINCO AGAVES Mark has unjustly increased the profitability of Defendants' CINCO AGAVES brand to the detriment of Plaintiff and at no cost to Defendants.

32. Plaintiff will be further harmed as consumers will purchase the CINCO AGAVES Tequila believing it to be Plaintiff's Tequila and thereby forego purchase of the Tequila under the TRES AGAVES mark, resulting in loss of sales to Plaintiff from Defendants' unfair competition.

33. Defendants' continued infringing use of the confusingly similar CINCO AGAVES Mark will financially harm Plaintiff by diminishing the value of Plaintiff's TRES AGAVES mark.

34. Unless restrained by this Court, Defendants will continue to unfairly compete with Plaintiff by using the CINCO AGAVES Mark, wherefore Plaintiff is without adequate remedy at law.

35. This case is an exceptional case entitling Plaintiff to treble damages and attorneys' fees, and Defendant's conduct further entitles Plaintiff to punitive damages.

## **FIRST CAUSE OF ACTION**

(Federal Trademark Infringement under 15 U.S.C. §1114)

36.  Plaintiff restates and reavers the allegations of Paragraphs 1 through 35, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

37. Defendants' above-averred actions constitute use in commerce of a reproduction, counterfeit, copy or colorable imitation of Plaintiff's registered mark in connection with the sale, offering for sale, distribution or advertising of goods or services on or in connection with which such use is likely to cause consumer confusion, deception or

DICKENSON PEATMAN ✺ FOGARTY

COMPLAINT                                    6

mistake as to source, sponsorship or approval of the Defendants' aforesaid goods or services in violation of 15 U.S.C. §1114.

## SECOND CAUSE OF ACTION

### (Federal Unfair Competition under 15 U.S.C. §1125(a))

38. Plaintiff restates and reavers the allegations of Paragraphs 1 through 37, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

39. The Defendants' above-averred actions constitute use in commerce of a word, name or device and false designation of origin which is likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection or association of Defendants with Plaintiff or as to the origin, sponsorship or approval of the goods offered in connection therewith in violation of 15 U.S.C. §1125(a).

## THIRD CAUSE OF ACTION

### (State Unfair Competition under Cal. Bus. & Prof. Code §17200)

40. Plaintiff restates and reavers the allegations of Paragraphs 1 through 39, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

41. The Defendants' above-averred actions constitute unlawful, unfair or fraudulent business acts or practices in violation of Cal. Bus. & Prof. Code §17200.

## FOURTH CAUSE OF ACTION

### (False or Misleading Statements under Cal. Bus. & Prof. Code §17500)

42. Plaintiff restates and reavers the allegations of Paragraphs 1 through 41, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

43. The Defendants' above-averred actions constitute the dissemination and making of untrue or misleading statements, which by the exercise of reasonable care should have been known to be false or misleading, in violation of Cal. Bus. & Prof. Code §17500.

DICKENSON PEATMAN & FOGARTY

**FIFTH CAUSE OF ACTION**

(Common Law Trademark Infringement)

44. Plaintiff restates and reavers the allegations of Paragraphs 1 through 43, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

45. The Defendants' above-averred actions constitute trademark infringement and passing off in violation of the common law of California.

**SIXTH CAUSE OF ACTION**

(Common Law Unfair Competition)

46. Plaintiff restates and reavers the allegations of Paragraphs 1 through 45, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

47. The Defendants' above-averred actions constitute a false designation of origin in violation of the common law of California.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that judgment be entered as follows:

1.    That Defendants, their principals, partners, franchisees, agents, employees, licensees, affiliates, distributors, producers, any parent and subsidiary companies, attorneys and representatives and all of those in privity with or acting under their direction and/or pursuant to their control, be preliminarily and permanently enjoined and restrained, from directly or indirectly:

a.    Using the mark CINCO AGAVES, or any term or mark confusingly similar to the TRES AGAVES mark, or any mark encompassing the term "AGAVES" and a number, in connection with the advertisement, promotion, distribution, offering for sale or selling of alcohol beverage products or mixers, or products or services related to alcohol beverage products or mixers;

b.    Performing any acts or using any trademarks, names, words, images or phrases that are likely to cause confusion, to cause mistake, to deceive or otherwise mislead the trade or public into believing that Plaintiff and the Defendants are one in the same or are in some way connected or that Plaintiff is a sponsor of Defendants or that the goods of the Defendants originate with Plaintiff or are likely to lead the trade or public to associate the Defendants with Plaintiff;

2.    That Defendants be required to file with the Court, and serve on Plaintiff, a statement under oath evidencing compliance with any preliminary or permanent injunctive relief ordered by the Court within fourteen (14) days after the entry of such order of injunctive relief;

3.    That Defendants, their principals, partners, franchisees, agents, employees, licensees, affiliates, distributors, producers, any parent and subsidiary companies, attorneys and representatives and all of those in privity with or acting under their direction and/or pursuant to their control, be required to deliver up for destruction all advertising, promotional materials, point of sale materials, labels, caps, corks, neckers, packaging, and any other materials bearing the infringing mark together with all artwork, plates, molds, matrices and other means and materials for making and reproducing the same;

4.    That Defendants be ordered to recall infringing CINCO AGAVES Tequila in the marketplace from retailers;

5.    That Defendants be ordered to pay Plaintiff monetary damages for the harm resulting from infringement of Plaintiff's mark, in an amount to be determined at trial;

6.    That Plaintiff's damages be trebled and that Defendants be ordered to pay Plaintiff's attorneys' fees on the basis that this is an exceptional case;

7.    That Plaintiff be awarded punitive damages as a result of Defendants' conduct;

///

COMPLAINT                                              9

8.     That Plaintiff have such other and further relief as this Court shall deem just and proper on the merits.


Dated: November 21, 2016


Respectfully submitted,

DICKENSON, PEATMAN & FOGARTY


By J. Scott Gerien
   Joy L. Durand

   1455 First Street, Ste. 301
   Napa, California  94559
   Telephone: 707-252-7122
   Facsimile: 707-255-6876

Attorneys for Plaintiff,
Tres Agaves Nombre, LLC

COMPLAINT                                          10

1

<u>DEMAND FOR JURY TRIAL</u>

2

3       Plaintiff hereby requests a trial by jury in this matter.

4

5    Dated: November 21, 2016

6                                              Respectfully submitted,

7                                              DICKENSON, PEATMAN & FOGARTY

8

9

10                                             By J. Scott Gerien
                                                  Joy L. Durand

11                                                1455 First Street, Ste. 301
                                                  Napa, California  94559
12                                                Telephone: 707-252-7122
                                                  Facsimile: 707-255-6876

13

14                                             Attorneys for Plaintiff,
                                               Tres Agaves Nombre, LLC

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT                                              11